DANNER v. NEW YORK & H. R. CO. et al.

(Supreme Court, Special Term, Westchester County.   July 22, 1911.)

RAILROADS (§ 99*)—ABOLITION OF GRADE CROSSINGS—ORDERS OF PUBLIC SERV-
ICE COMMISSION—REMEDY OF PRIVATE INDIVIDUAL.
   An order of the Public Service Commission directing, as authorized by
Railroad Law (Consol. Laws 1910, c. 49) § 91, a railroad company to elim-
inate a grade crossing, construct an embankment across a street and de-
stroy a bridge in the street, relieves the company from liability to an
owner of real estate damaged by the work, and his remedy is by ap-
pearance before the commission, at the hearing of which due notice has
been given, and by an appeal to the Appellate Division from the decision
of the commission, notwithstanding section 22, requiring railroads to
restore streets to their former state, which is inapplicable to work done
under a proper order of the commission.
   [Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 293–304; Dec.
Dig. § 99.*]

   Action by Adam Danner against the New York & Harlem Railroad
Company and another.   Judgment for defendants.

   James M. Hunt, for plaintiff.
   Alexander S. Lyman (George H. Walker, of counsel), for defend-
ants.

   TOMPKINS, J.   The plaintiff's property is bounded on the north
by an old public highway known as "Hunt's Bridge Road," sometimes
called "Mile Square Road," and on the west by the Bronx River road,
all in the city of Yonkers.   The Hunt's Bridge road runs in a west-
erly direction to the Bronx river, the center of which is the dividing
line between the cities of Yonkers and Mt. Vernon, and prior to the
commencement of this action, there was a bridge over the Bronx river,
known as "Hunt's Bridge," which connected the Hunt's Bridge road
in the city of Yonkers with a public highway known as "Oak Street"
in the city of Mt. Vernon.   In other words, the Hunt's Bridge road
and Oak street were one and the same public highway, and Hunt's
Bridge was a part of it.   That part of the road lying west of the
Bronx river being known as Hunt's Bridge road, and the part lying
east of the Bronx river and in the city of Mt. Vernon, being known as
Oak street.
   The plaintiff used a part of his property for the purpose of manufac-
turing heavy machines, and, in casting them, used heavy trucks upon
this highway, and the bridge known as "Hunt's Bridge," across the
Bronx river.   In January and February, 1911, the defendant, the New
York Central & Hudson River Railroad Company, which is the les-
see of the New York & Harlem Railroad Company, and operating a
double track steam railroad through the city of Mt. Vernon, destroyed
Hunt's bridge and constructed a new railroad bed across Oak street
east of the Bronx river, and thereby obstructed what had been Oak
street, and prevented the plaintiff from crossing the Bronx river from

Hunt's Bridge road and this action is brought for a mandatory injunction compelling the defendants to abate the alleged nuisance and remove · the obstruction from the said alleged public highway, and restore Hunt's Bridge.

No damages are asked for in this action, although evidence was given on the part of the plaintiff to the effect that the plaintiff's premises were materially injured and the value thereof substantially lessened by the defendant's work in removing Hunt's bridge, and obstructing what was formerly known as Oak street. It appears that on September 12, 1907, the Public Service Commission on the joint petition of the New York Central & Hudson River Railroad Company and the city of Mt. Vernon, made a determination and order which reads in part, as follows:

"That the Oak street grade crossing of the New York & Harlem Railroad Company (leased to and operated by the New York Central & Hudson River Railroad Company), in the city of Mt. Vernon, shall be changed from grade. and that said street shall be carried under said railroad in an undercrossing to be constructed under a changed line of said railroad; said undercrossing of said changed line of said railroad to be not in the present line of the street, but at a point a short distance north of the present line of said street as shown on blue print plans (applicant's Exhibit No. 2), the object being that Oak street shall be carried on said changed line of said railroad in a practically straight line to meet Sherwood avenue, Yonkers, the said point of undercrossing of said changed line of said railroad to be located about 350 feet west of the existing grade crossing by Oak street of the existing line of Railroad."

The effect of this order was to authorize and direct the defendant to eliminate its grade crossing at Oak street, and close Oak street from. its railroad track to the westerly end thereof, which was the center of the Bronx river and the center of Hunt's bridge and to make a. new highway under its railroad track near the old Oak street grade crossing, and extending in a westerly direction to Sherwood avenue in the city of Yonkers, which new highway is a substitute for Oak street and Hunt's Bridge.

It seems that under section 91 of the railroad law (Consol. Laws 1910, c. 49) the Public Service Commission has power to make such an order and to direct or authorize a railroad company to close a highway, or divert travel to another highway, where it is necessary to enable a railroad company to eliminate grade crossings. Matter of Terminal Railway, 122 App. Div. 59, 106 N. Y. Supp. 655. The highway between the Bronx river and the railroad track which plaintiff formerly used, and across which the defendant has constructed its new railroad bed, has therefore been discontinued in a manner provided by law, and is no longer a public highway, and hence the defendant's work thereon cannot be regarded as an unlawful obstruction, or an actionable nuisance. I think that the order of the Public Service Commission authorizing the work to be done by the railroad company, relieves it from liability to the plaintiff for any damage on account of the closing of the said Oak street or the removal of Hunt's bridge. There seems to be no provision in the statute for the payment of damages to the owner of property adjoining on a street that

has been discontinued and closed in this manner, or by reason of a change of grade made in a public highway under such an order of the Public Service Commission; and hence the plaintiff is without a remedy, even though his property may have been seriously injured by the closing of Oak street.

The Bronx river and the point from which Oak street has been closed by the defendant under the said order of the Public Service Commission, is about 300 feet west of the defendant's railroad track, and the question as to how far from a railroad crossing a public highway may be legally closed, or the grade thereof changed by order of the Public Service Commission, has never been passed upon by the courts so far as I can find. Under the decision in the Matter of the Terminal Railway Company, 122 App. Div. 59, 106 N. Y. Supp. 655, the power of the Public Service Commission in this respect, seems to be quite general and very broad, and the exercise of that power under the statute is only subject to review by the Appellate Division, and the Court of Appeals. So it seems to me, according to the letter of the law, that the plaintiff's remedy in the first instance was by an appeal from the determination of the Public Service Commission.

It appears without dispute that all of the work that has been done by the defendant, the New York Central & Hudson River Railroad Company, in the destruction of Hunt's bridge, and the building of its embankment across Oak street was within the authority conferred upon it by the said order of the Public Service Commission, and that such work was necessary to carry out the directions of the order, and the question therefore, now is, how far the Public Service Commission may go in the making of an order authorizing and directing a change of grade, and the elimination of public streets incidental thereto, and whether the only redress of an injured property owner adjoining such a public highway is by an appeal from the determination of the Public Service Commission.

The plaintiff insists that section 21 of the Railroad Law is applicable to this case. That section reads as follows:

"Every railroad corporation which shall build its road along, across, or upon any street, water course, street, highway, plank-road, or turnpike, which the route of its road shall intersect or touch, shall restore the stream or water course, street, highway, plank-road or turnpike, thus intersected or touched, to its former state, or to such state as not to have unnecessarily impaired its usefulness."

That statute cannot be made to apply where the railroad corporation's work is done under and pursuant to a proper order of the Public Service Commission. In the case of O'Brien v. New York Central & Hudson River Railroad Company, cited by plaintiff's counsel, there had been no order of the Public Service Commission authorizing the closing of the public streets involved therein.

Section 91 of the railroad law, as it has been interpreted and construed by the Appellate Division of the Supreme Court, and the Court of Appeals in the Matter of the Terminal Railway Company, supra, seems to give the Public Service Commission power to make such an or-

der as was made in this case, and thereby the defendant, the New York Central & Hudson River Railroad Company was authorized to do all of the work that the plaintiff now complains of; and the plaintiff's redress seems to have been, first, by an appearance and protest at the hearing before the Public Service Commission, public notices of which was duly given, and thereafter by an appeal from its decision to the Appellate Division of the Supreme Court, neither of which remedies was pursued by the plaintiff, and I must now hold as a matter of law that he is without remedy in this action, although I find as a matter of fact, that the plaintiff's real property has been damaged by the defendant's railroad embankment across what was known as Oak street, and by the destruction of Hunt's bridge, so that the plaintiff may now have it squarely determined by the appellate courts whether the Public Service Commission has unlimited power to order or authorize the closing of a street and the destruction of a highway bridge 300 feet or more, away from the railroad crossing, as a part of a grade-crossing elimination plan, and whether the work so authorized can be done by the railroad company without liability to the owner of property adjacent to such street, who suffers substantial damage thereby. Submit findings in accordance herewith.